ESTATE OF FERNÁNDEZ *v*. THE PEOPLE ET AL.

APPEAL from the District Court of Arecibo.

No. 475.—Decided June 17, 1910.

JUDGMENT AND COMPLAINT INCONGRUENT—ACTION FOR RECOVERY OF PROPERTY.—
Where from the allegations of the complaint it appears that the action brought is for the recovery of property, the court has no power to change it into an action for possession incongruent to the allegations contained in the complaint.

ID.—ACTION FOR RECOVERY—DECLARATION OF OWNERSHIP—JUDGMENT AMBIGUOUS AND OBSCURE.—A judgment rendered in an action for recovery of property, wherein the court in refusing to render any decision in regard to the recovery, holds that matters shall be restored to their previous condition, and limiting its judgment to an order directing the marshal to remove or cause to be removed a certain line of marks, posts, or a fence set up by the defendants upon one of the boundaries of the property in litigation, is defective in that it is ambiguous and obscure, inasmuch as the act of removing the posts or fence does not necessarily involve the restitution of possession to the plaintiff.

ACTION FOR RECOVERY—DESCRIPTION OF PROPERTY IN LITIGATION.—In accordance with the provisions of section 125 of the Code of Civil Procedure, it is necessary to give a description in the complaint of the property involved in litigation.

DECISION UPON QUESTIONS RAISED IN THE PROCEEDINGS.—In accordance with sections 188 and 192 of the Code of Civil Procedure, a judgment must be a final determination of the rights of the parties, and the questions raised must be decided.

The facts are stated in the opinion.

*Messrs. J. Henri Brown, Acting Attorney General,* and *Jesús M. Rossy, fiscal* for appellant.

*Mr. Enrique Márquez Huertas* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On October 31, 1908, the Estate of José Fernández y González filed a complaint in the District Court of Arecibo against The People of Porto Rico and Wenceslao Borda, for the recovery of real property and damages, alleging in support thereof the following fundamental facts:

1. That said estate is composed of the legitimate children of José Fernández y González, named Emilia, Aniceto, Benito,

Nicanor, Rosa, Tomás, Alejandro, Pedro Pablo, Angela and María Fernández y Maldonado, and of Dominga Reyes y Batista, in her double capacity of heir as the widow of José Fernández y González and as the mother of Juan Crisostomo Fernández. y Reyes, deceased, all of whom were declared to be the heirs of José Fernández, by order of the former court of first instance of Arecibo, on September 9, 1896;

2. That The People of Porto Rico is a body politic with governmental power conferred upon it by an act of the Congress of the United States, dated April 12, 1900, and may sue and be sued as such, and the other defendant, Wenceslao Borda, has been granted by said People of Porto Rico the right to use, under certain conditions and for a certain number of years, a tract of land at Arecibo known by the name of Caño de Tiburones;

3. That the plaintiff possesses in full ownership, in common .and undivided form, the following rural estate: Thirty and five-tenths *cuerdas* of land in the *barrio* of El Islote, district of La Hurrada, in Arecibo, bounded on the north by lands belonging to the Estate of Santiago Betancourt, now Gervasio González and Dominga Reyes; on the south by the Cortadera; on the east by lands belonging to Pizzini and Fantauzzi, now Jesús de León; and on the west by property of José Fernández, now Isabel Valentín, which land was acquired by José Fernández y González by purchase from Federico Schroder, according to a public deed of September 21, 1869, recorded in the Registry of Property of Arecibo, its present owners as well as their predecessors in interest always having had the peaceful and uninterrupted possession thereof as its exclusive owners;

4. That the southern part of said estate consists of a forest .of valuable building timber;

5. That The People of Porto Rico, by means of one of its employes believed to be named Rafael González, acting in concurrence with Wenceslao Borda, also a defendant. herein, recently surveyed the lands adjoining the estate described, on

the side of which abuts on the Cortadera and the Caño de Tiburones, and said employe, afterwards entering upon the said property without permission of the plaintiff estate or its legal representative, surveyed and placed posts or marks thereon wherever he thought proper, and, subsequently, employes of the Interior Department of Porto Rico, in conjunction with the *fiscal* of the District Court of Arecibo and Capt. Tallada, of the Insular Police of this Island, forbade the plaintiff estate, through its representatives, to continue to use a large part of the lands of the estate of 30.5 *cuerdas,* which part, taken by The People of Porto Rico and Borda, amounts to 12 *cuerdas,* more or less, and comprises all the space between the line of marks placed there by The People of Porto Rico, through its employes, and the southern boundary of the property of the plaintiff estate;

6. That this tract of land, of which the plaintiff estate has been deprived, is worth more than $1,000 and was comprised of forests of fine timber, part of which the defendant Borda is now taking:

7. That both defendants, in performing these acts on the estate in question, knew that it was the exclusive property of, and exclusively owned by, the plaintiff estate, and notwithstanding this knowledge, they persisted in appropriating the land of the plaintiff, causing him damages and loss.

The complaint concludes with the prayer for judgment against The People of Porto Rico and Wenceslao Borda requiring them to recognize as the property of, and belonging to, the plaintiff estate, all the land which The People of Porto Rico has segregated and which is being used by the other defendant, Borda, in the southern part of the estate described; that matters be restored to the same condition in which they were, with relation to said estate, at the time of the acts of survey and appropriation of the land by the defendants, at their expense and risk; that they be ordered to pay the plaintiff estate the sum of $2,000 as damages, and that they also

be adjudged to pay all the costs and expenses of the action, with the other pronouncements which may be proper in law.

In answering the complaint, The People of Porto Rico and Wenceslao Borda, through the Attorney General and the *fiscal* of the District Court of Arecibo, admitted the second allegation of the complaint and denied all the others, praying for judgment in favor of the defendants and against the plaintiff, with the cost of the proceedings againts the latter.

The trial having been had the Arecibo court rendered the following judgment:

"In this action, which was heard on June 14, 1909, Attorney Enrique Márquez appeared on behalf of the plaintiff estate, and Assistant Attorney General Brown and the *fiscal*, Campillo, of the District Court of San Juan, on behalf of the defendants.

"All the evidence introduced by both parties, and the allegations of the attorneys, were heard, and the case having been submitted to the court, it is held that the facts and the law are in favor of the plaintiff, with reference to the restoration of matters, at the expense and risk of the defendants, to the same state in which they were with reference to the estate in question at the time the acts of survey and delivery of the land, adjoining the property of The People of Porto Rico on the southern boundary of the estate of the plaintiff, took place, and the marshal of this court is ordered to proceed to the said estate of the plaintiff, described in the complaint, and remove, or cause to be removed, the line of marks or fence placed there on the southern boundary by the defendants, leaving said boundary absolutely free from all obstacles; which order he will carry out at the expense of the defendants. And the latter are relieved of the damages claimed, the costs of these proceedings not being specially taxed, and reserving to The People of Porto Rico the right granted them by the law to request the survey of their estates or to bring an action for recovery, or any other action which they may deem proper, for the enforcement of such rights. Arecibo, July 30, 1909. (Signed) Ramón Quiñones, Judge."

The defendants took an appeal from this judgment to this Supreme Court, which has been submitted to us for decision, after both parties had filed briefs and made oral arguments.

The appellants allege the following errors in support of the appeal:

1. That the court did not have jurisdiction, because The People of Porto Rico cannot be sued, as it was, without its consent.

2. That the judgment is also ambiguous and doubtful and cannot be enforced.

3. That the judgment is not supported by the allegations of the complaint, nor in accordance therewith.

4. That the court erred in dismissing the motion of the defendant for a judgment of nonsuit on the ground that the plaintiff had not introduced sufficient evidence on which to base a judgment.

5. That the judgment is contrary to the evidence.

6. That even though the judgment were supported by the allegations of the complaint and the evidence heard, it is erroneous because it is incompatible with the theory maintained by the plaintiff at the trial and the kind of action he had seen fit to prosecute.

7. That an interdict to retain and recover possession is an action which cannot be brought under our laws of procedure.

The first error alleged has been sufficiently discussed in the case of *Rosaly* v. *The People of Porto Rico,* decided June 14, 1910 (16 P. R. Rep., 481), and for the reasons therein stated, we are of the opinion that the People of Porto Rico may be sued without its consent, according to section 6 of our Organic Law of April 12, 1900.

The second, third and sixth grounds of the appeal may be considered together on account of the relation existing between them.

The plaintiff alleges in his complaint that he enjoys the full ownership of a rural estate of 30.5 *cuerdas,* which he had acquired from his predecessor in interest, José Fernández, by public deed of September 29, 1869, recorded in the Registry of Property of Arecibo, and that he has been dis-

possessed of a part of said estate, 12 *cuerdas,* more or less, by The People of Porto Rico, at the instance of Wenceslao Borda, by acts of survey, measurement, and the fixing of points which changed the southern boundary of the said estate, praying, by virtue of these allegations, that the tract of land held by the defendants be recognized to be the property of the plaintiff, and that matters be restored to their previous condition at the cost of the defendants, with the proper indemnity for damages.

As will be observed, the same allegations of the plaintiff, although not so expressed by the title of the action "recovery of real property and damages," show that the action prosecuted has been mainly an action to recover ownership, and the evidence heard at the trial, at the instance of the plaintiff, tended to prove this action, such evidence including the public deed executed on September 21, 1869, by Federico Schroder in favor of José Fernández, relating to the sale of 30.5 *cuerdas* of land, of which it is alleged the tract sought to be recovered forms a part, the record of said deed in the Registry of Property of Arecibo, and the testimony of witnesses as to the quiet and peaceful possession of said tract of land, and on the measurement, survey, and determination of points which constituted the detention thereof by the defendants.

The court below did not decide anything as to the ownership claimed, which was the main issue in the action, but, on the contrary, reserved in its judgment to The People of Porto Rico, in an express manner, the right granted by the law to apply for the survey of its property, or to bring an action for recovery, or any other action which it might deem proper, for the enforcement of its rights. By this reservation the court openly refused to make any pronouncement as to the action for recovery exercised by the plaintiff.

Furthermore, if said court intended to make a pronouncement as to the possession of the land claimed in favor of the plaintiff estate, in holding that it was proper that matters

should be restored to their former condition for the account and at the risk of the defendants, as signifying thereby that the tract of land claimed should be restored, such intention is ambiguous and doubtful, because it is in contradiction to the language employed in the order incorporated in the judgment, which order merely provides that the marshal shall remove, or cause to be removed, the fence, line or marks or hedge placed by the defendants on the southern boundary of the estate of the plaintiffs, without making any mention of restoration of possession. This fact of removing the hedge, line of marks or fence, does not necessarily involve the restitution of possession to the plaintiff.

In an action to recover real property, as prescribed by section 125 of the Code of Civil Procedure, the property must be described in the complaint with such certainty as to enable an officer, upon execution, to identify it; and we cannot see how the marshal, who was entrusted with the execution of the judgment rendered by the District Court of Arecibo, could identify the land which he is to deliver to the plaintiff estate— that is to say, if such delivery was ordered in the judgment appealed from.

The Law of Civil Procedure in force prior to the law now in force, prescribed in article 358 thereof, that judgments must be clear, precise and congruent to the pleadings and other allegations duly made in the action, and shall contain the declaration required by the latter, deciding for or against the defendant all questions which have been the object of the arguments; and section 1690 of the same law provided for an appeal in cassation for error of law or of procedure, among other cases, when the judgment did not contain any declaration upon some of the allegations made in the action at the proper time.

The Code of Civil Procedure now in force agrees substantially with the provisions of the former Code, section 188 thereof providing that a judgment is the final determination of the rights of the parties in an action or proceeding, and

section 192 (193?) provides that, with the exception of the cases of the dismissal of actions or judgment of nonsuit mentioned in section 192, judgment must be rendered on the merits.

The lower court in this case manifestly violated the provisions of sections 188 and 193 of the Code of Civil Procedure above-mentioned, as it did not make any pronouncement upon the question of ownership raised, and if it did not make any pronouncement as to the possession, it was ambiguous and doubtful.

Let it not be understood that we admit the District Court of Arecibo could decide rights of mere possession in an action in which it is sought to recover real property, because a declaration of ownership having been sought, as it was, by the exercise of an action to recover real property, it was not within the power of the court to ignore that action and change it into another of a merely possessory character, not congruent to the allegations made in the complaint.

The second, third and sixth errors, which have been the subject of our consideration, being fundamental and therefore vitiating the judgment appealed from, it is useless to enter upon a consideration of the fourth and seventh errors alleged by the appellant.

For the reasons stated, we are of the opinion that the judgment appealed from should be reversed, and that this decision be communicated to the court below in order that it may hold a new trial, or for any other action not incompatible with this opinion.

*Reversed.*

Justices Wolf and del Toro concurred.

Mr. Justice MacLeary concurred in the opinion and judgment, except as to that part of the opinion relating to the jurisdiction, he being of the opinion that The People of Porto Rico cannot be sued without its consent.

Mr. Justice Figueras did not sit at the hearing of this case.